IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Habeeb Abdul Shaik,<br>    Plaintiff<br><br>v.<br><br>Aadab Restaurant Group LLC, and<br>Ravishanker Mallapuram,<br>    Defendants. | Civil Action<br>File No. 4:23-cv-<br><br>Jury Demanded |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW PLAINTIFF, Habeeb Abdul Shaik ("Mr. Shaik" or "Plaintiff"), and complains of Aadab Restaurant Group LLC, and Ravishanker Mallapuram (the "Defendants"), and for cause of action would respectfully show the Honorable Court as follows:

I.
INTRODUCTION AND SUMMARY OF SUIT

1.    Plaintiff Habeeb Abdul Shaik files suit against the Defendants under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* (the "FLSA").

2.    The individual Defendant, Ravishanker Mallapuram ("Mr. Mallapuram"), is a member / owner of Defendant Aadab Restaurant Group LLC, which legal entity owns and operates an Indian and Pakistani restaurant doing business "Aadaab Indo Pak Cuisine", and located at 11720 W. Airport Boulevard, Suite 100, Meadows Place, Texas 77477 ("Aadaab Restaurant").

3.    The Defendants employed Mr. Shaik as a cook at Aadaab Restaurant, where he worked overtime hours during each workweek of his employment.

4.    In violation of 29 U.S.C. § 207(a), the Defendants failed to pay Mr. Shaik's overtime wages. Defendants willfully committed this violation, on a weekly basis, because the Defendants affirmatively decided not to pay any overtime wages to Mr. Shaik.

1

5. Additionally, in violation of 29 U.S.C. §§ 207(a) and 206(a), the Defendants failed to pay (a) Mr. Shaik's wages during the first four-and-half months (i.e., from September 1, 2021 until January 15, 2022) of work he performed for the Defendants while the Aadaab Restaurant was being renovated, and (b) Mr. Shaik's final paycheck. These wages, which remain unpaid, include both straight-time and overtime wages.

6. Now, pursuant to 29 U.S.C. §§ 207(a), 206(a) and 216(b), Plaintiff sues for payment of his unpaid straight-time wages, overtime wages, liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendants' willful failure of the FLSA.

## II.
### SUBJECT MATTER JURISDICTION AND VENUE

7. Mr. Shaik files suit pursuant to the FLSA, a federal statute. 28 U.S.C. §1331.

8. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
### PARTIES AND PERSONAL JURISDICTION

9. Plaintiff, Habeeb Abdul Shaik, is a resident of Galveston County, Texas.

10. Defendant, Aadab Restaurant Group LLC, is a Texas limited liability company wholly owned and controlled by Mr. Ravishanker Mallapuram, the individual Defendant. Aadab Restaurant Group LLC may be served with summons and complaint by serving its duly appointed registered agent and member, Ravishanker Mallapuram, at his place of business at 11720 W. Airport Boulevard, Suite 100, Meadows Place, Texas 77477. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff; and, by operating Aadaab Restaurant, Defendant has, and is, engaged in business in the State of Texas. As such, the Court has personal jurisdiction over the Defendant.

11. Defendant, Ravishanker Mallapuram, may be served with summons and complaint at his place of business at 11720 W. Airport Boulevard, Suite 100, Meadows Place, Texas 77477.

This Defendant has acted, directly or indirectly, in the interest of an employer with respect to an employee, namely, Plaintiff Shaik. Further, Defendant resides, and is engaged in business, in the State of Texas. As such, the Court has personal jurisdiction over this Defendant.

12. Whenever the complaint alleges that one or more Defendant committed any act or omission, it is meant that such act or omission was not only committed individually or jointly by those Defendants, but also by Defendants' officers, directors, vice-principals, agents, servants, or employees, and that at the time such act or omission was committed, it was done with full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of one or more Defendant's officers, directors, vice-principals, agents, servants, or employees.

## IV.
## FLSA Coverage

13. In this civil action, the "relevant period" refers to the "look-back" statute of limitations period expressly set forth in the FLSA for a willful violation, which is the time-period commencing on the date three years prior to the filing of this action (i.e., December 14, 2023), and continuing thereafter until time of jury verdict and judgment.

14. During the relevant period, Defendant Aadab Restaurant Group LLC was an "employer" under the FLSA because, via its management and employees, it possessed and exercised the authority to make all decisions pertaining to Mr. Shaik's employment at Aadaab Restaurant. 29 U.S.C. § 203(d).

15. Similarly, during the relevant period, Defendant Ravishanker Mallapuram was an "employer" because he possessed and exercised the authority to make all decisions pertaining to Mr. Shaik's employment at Aadaab Restaurant. 29 U.S.C. § 203(d).

16. From September 1, 2021 until January 15, 2022, and then from February 18, 2022 until April 30, 2023, Mr. Shaik was an "employee" at Aadaab Restaurant. 29 U.S.C. § 203(e).

17. During the relevant period, Defendants were an "enterprise" because they together owned, controlled and operated Aadaab Restaurant. 29 U.S.C. § 203(r); 29 U.S.C. § 203(s)(1)(A).

18. During the relevant period, Defendants were an integrated enterprise because they together owned, controlled and operated the Aadaab Restaurant. *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

19. During the relevant period, the Defendants (individually and collectively) were an "enterprise engaged in commerce or in the production of goods for commerce" because they had employees who were engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 203(s)(1).

20. For each year falling within the relevant period, Defendants had annual gross business volume in excess of the statutory standard.

21. During the relevant period, Plaintiff and other individuals working for the Defendants were employees "engaged in commerce or in the production of goods for commerce".

22. A majority of Defendants' employees engaged in work that required the handling and sale of goods that had travelled into Texas from outside the state. Such goods included, without limitation, raw materials utilized to cook food, completed food items, sodas, and other drinks.

23. Further, some of Defendants' employees engaged in work that required the employees to handle / utilize out-of-state cleaning supplies in maintaining the Aadaab Restaurant.

24. Additionally, some of Defendants' employees engaged in work that required the employees to utilize equipment at the Aadaab Restaurant that was produced outside the state of Texas, including cash registers and computer equipment.

25. Similarly, some of Defendants' employees engaged in work that required the employees to utilize instrumentalities of interstate commerce such as credit card processing and bank transactions in receiving payments from Aadaab Restaurant's customers.

# V.
## FACTS –
### MR. SHAIK'S EMPLOYMENT AT AADAAB RESTAURANT

26.  The Defendants employed Mr. Shaik as a cook at Aadaab Restaurant from September 1, 2021 until January 15, 2022, and then from February 18, 2022 until April 30, 2023.

27.  Mr. Shaik performed duties typically performed by a restaurant cook, which primarily included preparing and cooking food items, and to a lesser extent, contributing to the Aadaab Restaurant's food menu choices.

28.  The Defendants determined, controlled and supervised Mr. Shaik's terms and conditions of employment. This included all decisions relating to Mr. Shaik's wages, his pay rate, the type of work he performed, and number of hours he worked during each workweek of his employment.

29.  At the outset of Mr. Shaik's employment, Defendant Ravishanker Mallapuram informed Mr. Shaik that he will be working well in excess of 40 hours a week.

30.  Indeed, while the Aadaab Restaurant was being renovated by the Defendants from September 1, 2021 until January 15, 2022, Mr. Shaik typically worked 50 hours a week. Thereafter, from February 18, 2022 until April 30, 2023, Mr. Shaik typically worked 80 hours a week while the Aadaab Restaurant was in operation.

31.  Defendant Mallapuram promised Mr. Shaik a monthly wage of $5,000.00, as follows: $3,000.00 by check, and $2,000.00 with cash.

32.  As a result, the Defendants failed to create or maintain a complete record of the wages Mr. Shaik earned during his employment at the Aadaab Restaurant.

33.  Further, the Defendants failed to create contemporaneous, accurate and complete records indicating the amount of time Mr. Shaik worked during each workweek of his employment at the Aadaab Restaurant.

34. The Defendants willfully failed to pay Mr. Shaik's overtime wages. Defendants willfully committed this violation, on a weekly basis, because the Defendants affirmatively decided not to pay any overtime wages to Mr. Shaik.

35. Furthermore, Defendants failed to pay (a) Mr. Shaik's wages during the first four-and-half months (i.e., from September 1, 2021 until January 15, 2022) of work he performed for the Defendants while the Aadaab Restaurant was being renovated, and (b) Mr. Shaik's final paycheck. These unpaid wages included both straight-time and overtime wages.

## VI.
### CAUSE OF ACTION AND DAMAGES SOUGHT

### Violations of 29 U.S.C. §§ 207(a) and 206(a) – Failure to pay straight-time and overtime wages

36. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

37. During the relevant period, the Defendants (both individually and collectively) were an "enterprise engaged in commerce or in the production of goods for commerce" because they had employees who were engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 203(s)(1).

38. During the relevant period, Plaintiff and other individuals working for the Defendants were employees "engaged in commerce or in the production of goods for commerce".

39. Each such employee engaged in work that required the handling and sale of goods that had travelled into Texas from outside the state. Such goods included, without limitation, raw materials utilized to cook food, completed food items, sodas, and other drinks. The employees also handled / utilized cleaning supplies in the maintenance of the restaurant; worked with equipment that was produced outside the state of Texas, including cash registers and computer equipment; and, utilized instrumentalities of interstate commerce such as credit card processing and bank

transactions in receiving payments from Aadaab Restaurant's customers.

40. Further, during each year falling within the relevant period, Defendants had annual gross business volume in excess of the statutory standard.

41. By working at the Aadaab Restaurant as a cook, Mr. Shaik was an "employee" of Defendant Aadab Restaurant Group LLC, the "employer".

42. By working at the Aadaab Restaurant as a cook, Mr. Shaik was an "employee" of Defendant Ravishanker Mallapuram, the "employer".

43. During his employment with the Defendants at the Aadaab Restaurant, Mr. Shaik worked overtime hours on a weekly basis, and Defendants were aware that he worked such overtime hours.

44. Mr. Shaik was a non-exempt employee under the FLSA, and no exemption excused Defendants' failure to pay Mr. Shaik the weekly straight-time and overtime wages he earned during his employment at the Aadaab Restaurant.

45. Defendants violated 29 U.S.C. § 207(a) because they failed to pay Mr. Shaik's overtime wages. Defendants willfully committed this violation, on a weekly basis, because Defendants affirmatively decided not to pay any overtime wages to Mr. Shaik.

46. Additionally, Defendants violated 29 U.S.C. §§ 207(a) and 206(a) because they failed to pay (a) Mr. Shaik's wages during the first four-and-half months (i.e., from September 1, 2021 until January 15, 2022) of work he performed for the Defendants while the Aadaab Restaurant was being renovated, and (b) Mr. Shaik's final paycheck. These unpaid wages included both straight-time and overtime wages.

47. On a weekly basis, Defendants committed repeated and willful violations of the recordkeeping requirements of the FLSA and its regulations. *See,* 29 U.S.C. §211(c); 29 C.F.R. §516. 29; and C.F.R. §516.27.

48. Mr. Shaik now sues to recover all of his unpaid straight-time and overtime wages.

49. In addition to his unpaid wages, Mr. Shaik sues to recover liquidated damages in an amount equal to his unpaid wages.

50. Further, Mr. Shaik seeks attorney's fees and costs for bringing this action pursuant to the FLSA. 29 U.S.C. §216(b) states that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

51. Mr. Shaik seeks post-judgment interest, to be assessed on all damages.

## VII.
### JURY DEMAND

52. Mr. Shaik demands a jury trial.

## VIII.
### PRAYER FOR RELIEF

FOR ALL OF THESE REASONS, Plaintiff Habeeb Abdul Shaik respectfully requests that upon final hearing the Honorable Court grant relief by entering Final Judgment, jointly and severally, against Defendants Aadab Restaurant Group LLC and Ravishanker Mallapuram, as follows:

a. Declare the Defendants violated 29 U.S.C. § 207(a) because they failed to pay Plaintiff's overtime wages;

b. Declare the Defendants violated 29 U.S.C. § 206(a) because they failed to pay Plaintiff's straight-time wages;

c. Declare the Defendants' violations of the FLSA are willful;

d. Order Defendants to pay Mr. Shaik's unpaid straight-time and overtime wages, as determined by the jury;

e. Order Defendants to pay liquidated damages in an amount equal to Mr. Shaik's unpaid straight-time and overtime wages;

f. Order Defendants to pay Mr. Shaik's reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b); and,

g. Order the Defendants to pay post-judgment interest, accessed on all amounts comprising the Final Judgment, pursuant to 28 U.S.C. §1961, which requires that such annually compounded interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By: */s/ Salar Ali Ahmed*
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
430 W. Bell Street
Houston, Texas 77019
Telephone: (713) 898-0982
Email: aahmedlaw@gmail.com

**Attorney for Plaintiff,
Habeeb Abdul Shaik**